UNITED STATES of America,
Appellee,

v.

Robert HAMMOND and Robert Lewis,
Defendants-Appellants.

No. 390, Docket 29840.

United States Court of Appeals
Second Circuit.

Petition for Rehearing Submitted
June 8, 1966.

Decided June 27, 1966.

Thomas J. Mazza, New York City, David A. Luttinger, Hugh C. Humphreys, Asst. U. S. Attys., of counsel, for defendants-appellants.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, for United States.

Before LUMBARD, Chief Judge, and WATERMAN and KAUFMAN, Circuit Judges.

PER CURIAM:

The petition for a rehearing on the ground that the appellants were unfairly prejudiced by the court deciding the case in open court without oral argument by their counsel, who was absent, is denied. There is no merit to such a contention.

Defendants were convicted of selling heroin after a jury trial before Judge Levet on April 23, 1965. They were sentenced to five-year terms in prison, on May 21, 1965, and their release was continued on $7,500 bail, each, pending appeal. After six extensions of time, the appellants filed their brief and appendix with this court on March 31, 1966. Their attorney was notified on April 25, 1966 that the case was scheduled to be argued on Wednesday, May 11. When the calendar was called that morning the court was informed that he was in Europe and that the person appearing was not prepared to argue. No explanation was given then, and none is given now, why counsel could not have informed the court earlier or why substitute counsel was not sought, nor has any reason been suggested why a trip to Europe, undertaken after the appeal date had been set, should excuse the failure of counsel to appear.

By May 11 the court had, according to its usual custom, already read the short briefs and appendix of the appellants and of the appellee. Whenever the counsel for a party neglects to appear, or fails to present a good excuse for adjournment, the court proceeds with the appeal and permits the opposing attorney to present his argument.[1] In this case, the Assistant United States Attorney spoke for about ten minutes and responded to questions from the bench.

At the conclusion of the argument, the court affirmed the convictions from the bench. This in no way reflected upon the failure of counsel to be present; it was in accord with a regular practice to dispose of cases from the bench when no further consideration is necessary. During this term, up to and including June 17, 1966, this court has decided 57 cases from the bench at the end of the argu-

1. See Uniform Rules of Federal Appellate Procedure (Proposed Draft, March 1964), Rule 34(e): "If counsel for a party fails to appear to present argument, the court may hear argument on behalf of a party whose counsel is present, and the case will be decided on the briefs and the argument heard."

ment, including 19 appeals in criminal or habeas corpus cases. In some of the cases, as in this one, a brief opinion was later filed to show the basis of the disposition.

Defendants' appeal was adequately presented in their briefs. On their main issue, the delay from the offense to arrest, there was clear and controlling precedent in this circuit.

On all the facts before us it would seem that counsel's motion for rehearing, somewhat belatedly filed on June 8, 1966, is only a further attempt to prolong the time before the defendants must surrender to serve their sentences, already delayed by over a year.